Mr. John K. McClure Attorney for Highlands County Clerk of Courts 425 South Commerce Avenue Sebring, Florida 33870
Dear Mr. McClure:
On behalf of the Honorable L.E. "Luke" Brooker, Highlands County Clerk of Courts, you ask substantially the following question:
Does membership on the Florida State Fair Authority constitute an office for purposes of the dual officeholding prohibitions of Article II, section 5(a), Florida Constitution?
Im sum:
Membership on the Florida State Fair Authority does constitute an office for purposes of Article II, section 5(a), Florida Constitution.
You state that the Highlands County Clerk of Courts has been asked to serve on the Florida State Fair Authority (authority). The question has been raised whether membership on the fair authority constitutes an "office" for purposes of the constitutional dual officeholding prohibition.[1]
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties, and municipalities. The prohibition applies to both elected and appointed offices.[2]
While the Constitution does not define the terms "office" or "officer" for purposes of the dual officeholding prohibition, the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office[.]"[3] The term embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract, whereas an "employment" does not "comprehend a delegation of any part of the sovereign power."[4] It is, therefore, the nature of the powers and duties of a particular position which determines whether the position constitutes an office or an employment.
The Florida State Fair Authority was created and constituted as a public body corporate and politic, and as an instrumentality of the state charged with the responsibility of staging an annual fair which "shall serve the entire state."[5] The jurisdiction of the authority is statewide.
The authority operates under the supervision of the Commissioner of Agriculture who may assist, advise, and make recommendations regarding the financing and operation of the authority.[6] Members of the authority, with the exception of designated ex officio
members, are appointed by the Commissioner of Agriculture for terms of four years.[7] Members of the authority shall not be entitled to compensation for their services as members, but shall be reimbursed for travel expenses as provided in section 112.061, Florida Statutes, and may be compensated for any special or full-time service performed in its behalf as officers or agents of the authority.[8]
The authority may acquire, hold or dispose of property, accept funds or property, enter into contracts, borrow money, and execute mortgages, trust indentures, or other instruments, as may be required for the financing of the authority's activities.[9] In addition, revenue bonds may be issued on behalf of and at the request of the authority, as provided in the State Bond Act.[10]
All projects of the authority are deemed state capital projects within the meaning of Article VII, section 11, of the Florida Constitution,[11] and the authority is subject to annual auditing by the Auditor General.[12]
In light of the above, I am of the opinion that membership on the Florida State Fair Authority does constitute a state office for purposes of Article II, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] You also inquire about the applicability of s. 99.012, Fla. Stat., Florida's Resign to Run Law. This statute is a part of the Florida Elections Code. The Division of Elections, Department of State, rather than this office, has been authorized to render opinions regarding the interpretation and applicability of the provisions of the Elections Code. See, s. 106.23(2), Fla. Stat.
[2] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[3] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919) (term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract; an employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature). See also, State ex rel. Clyatt v. Hocker,22 So. 721 (Fla. 1897).
[4] Id.
[5] See, s. 616.251(1) and (3), Fla. Stat.
[6] Section 616.251(2), Fla. Stat. In assisting and advising the authority, the Commissioner of Agriculture may make appropriate staff of the department available to the authority.
[7] Section 616.252, Fla. Stat.
[8] Section 616.252(3), Fla. Stat.
[9] See, s. 616.256, Fla. Stat.
[10] Section 616.257(1), Fla. Stat.
[11] Section 616.257(4), Fla. Stat. And see, Art. VII, s. 11, Fla. Const., relating to the issuance of state bonds.
[12] Section 616.263(2), Fla. Stat.